IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHON DIFRAIA, | : | Civil No. 1:23-CV-01187 |
| Plaintiff, | : | |
| v. | : | |
| KEVIN RANSOM, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are Defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 22.) For the following reasons, Defendants' motions to dismiss will be granted and Plaintiff's complaint will be dismissed without prejudice. Plaintiff will be given an opportunity to file an amended complaint curing the defects identified herein.

### PROCEDURAL HISTORY

Plaintiff, an inmate currently housed at the State Correctional Institute Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania, initiated this action in July of 2023 by filing a complaint pursuant to 42 U.S.C. § 1983 naming eight defendants: (1) Kevin Ransom ("Ransom"), Superintendent at SCI-Dallas; (2) Jasen Bohinski ("Bohinski"), Deputy Superintendent for Centralized Services; (3) Timothy Kross ("Kross"), Doctor at SCI-Dallas; (4) Wayne Inniss ("Inniss"),

1

Corrections Classification Program Manager; (5) Rawlings, Drug and Alcohol Treatment Specialist; (6) Bower; (7) John Doe; and (8) Osmulski.  (Doc. 1.)

The complaint alleges that on January 15, 2023, Plaintiff was strip searched and Defendants Bower and "C/O" found an e-cigarette with the cap on it in his jacket pocket.  (*Id*., p. 4.)[1]  He was issued a DC-141 misconduct report for contraband during the "MAT"[2] line.  (*Id*.)  Plaintiff further alleges that on January 22, 2023, "during MAT line I got my medication [and] after putting it in my mouth C/O Osmulski made me stand up and demanded I give him the E-cig cap, I did not have one nor did I ingest one."  (*Id*.)  Plaintiff alleges that he received a misconduct for possession of contraband.  (*Id*.)  On January 25, 2023, he saw Defendant Kross who told him that he was being removed from MAT suboxone for diversion.  (*Id*.)  Plaintiff alleges that he contacted and wrote to Defendants Ransom, Bohinski, Innis, Rawlings, and Kross "asking to be placed back on MAT and explained the issue and was refused and told I did not have to actually be caught diverting to be considered a diverter."  (*Id*.)

Plaintiff raises an Eighth Amendment deliberate indifference to medical needs claim, a Fourteenth Amendment equal protection claim, a "Tort Acts" claim,

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] According to the DOC website, "MAT" stands for Medication Assisted Treatment.  *See* https://www.cor.pa.gov/About%20Us/Initiatives/Pages/Medication-Assisted-Treatment.aspx (last accessed June 5, 2024).

2

an American with Disabilities Act ("ADA") claim, criminal claims of lying on the misconduct reports, and a slander claim. (*Id.*, at 5.)

Defendants Ransom, Bohinski, Inniss, Rawlings, Bower, Doe, and Osmulski, collectively known as the "DOC Defendants", filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and a brief in support on September 22, 2023. (Docs. 19, 20.) Defendant Kross filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative a motion for summary judgment pursuant to Fed. R. Civ. P. 56[3], and a brief in support on September 25, 2023. (Docs. 21, 22.) On November 6, 2023, Plaintiff filed a brief in opposition to the two motions to dismiss. (Doc. 25.) Defendants did not file a reply. The court will now address the pending motions.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Dallas, in Luzerne County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

---

[3] Because the claims will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the court will not convert this motion pursuant to Fed. R. Civ. P. 56 and address documents outside the complaint.

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

The compliant raises an Eighth Amendment claim, an ADA claim, a Fourteenth Amendment claim, a "Tort Act" claim, a defamation claim, and criminal claims. (Doc. 1.) The motions to dismiss did not challenge the potential criminal claims raised in the complaint. However, the court will address such claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Defendants' Motions To Dismiss Will Be Granted.

#### 1. Eighth Amendment Claim

Plaintiff brings an eighth amendment cruel and unusual punishment claim for being removed from medication for disciplinary sanctions *and* an unspecified "deliberat[e] indifference to my medical needs" assertion. (Doc. 1, p. 5.) The court views these as a single claim for deliberate indifference to a serious medical need and will address them as one.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is

"one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted).  A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

7

This court has previously found that a plaintiff being removed from the MAT program for diverting medication did not rise to the level of deliberate indifference:

> At best, Plaintiff's complaint demonstrates his disagreement with being removed from the program and taken off the Suboxone. Though he may have wished to remain in the program and on Suboxone, his disagreement with the course of action that Defendants took based on the diversion of mediation on November 9, 2020, is not enough to state a § 1983 claim. *Sample v. Diecks*, 885 F.2d 1099, 1109 (3d Cir. 1989). This is particularly so in light of the fact that there are no allegations in the complaint that any of the Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon Plaintiff. *Farmer*, 511 U.S. at 837; *Rouse*, 12 F.3d at 197. Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison.

*Hymer v. Kross*, No. 3:22-1531, 2022 WL 17978265, at *6 (M.D. Pa. Dec. 28, 2022).

The court finds that the allegations in this case are analogous to *Hymer*. Here, Plaintiff alleges that he was removed from the MAT program following a finding of diversion. (Doc. 1, p. 4.) Additionally, Plaintiff did not allege that Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm. The court acknowledges that Plaintiff claims that harm occurred:

> I was forced to go through withdrawals due to them I picked my arms and have scars, my mental health and physical took a downward plunge causing severe anxiety, depression and relapse. As well as a return of

>pain I suffer from plates and screws in my ankle. It also caused a
>reversion of my thought process and coping skills.

(Doc. 1, pp. 5, 8.) However, he does not claim that all medical treatment was withheld. Instead, he alleges that the suboxone through the MAT program was withheld. (Doc. 1, p. 4.) Like in *Hymer*, the court finds that any alleged relapse is too tenuous of an allegation to amount to an Eighth Amendment claim. 2022 WL 17978265, at *6. Therefore, Plaintiff raises a mere disagreement with treatment and not an Eighth Amendment claim for deliberate indifference.

### 2. ADA Claim

Plaintiff brings an ADA claim stating that "I believe that even if I were a diverter the ADA claims I could not be removed from said medication." (Doc. 1, p. 5.) Plaintiff did not state under which title of the ADA he brings his claim. Regardless, the claim will be dismissed with prejudice because there is no individual liability under the ADA.

The court acknowledges that the Third Circuit has not directly answered the question of whether there can be individual liability under Title II. *See Brown v. Deparlos*, 492 F. App'x 211, 215 n.2 (3d Cir. 2012) (nonprecedential) ("This Court has yet to address individual liability under Title II of the ADA[.]"). However, nearly all of the Third Circuit's decisions regarding personal liability under the majority of the ADA's other titles point toward the absence of individual liability. *See Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019)

9

(nonprecedential) (finding that plaintiff's claims "for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); *see also Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 299 & n.27 (3d Cir. 2017) (holding that Title VII and ADA claims cannot be brought through a "back door to the federal courthouse" via 42 U.S.C. § 1983, and noting that Title VII and ADA claims are intended to impose liability on employers, not individuals); *Fasano v. Fed. Reserve Bank of N.Y.*, 457 F.3d 274, 289 (3d Cir. 2006) (noting in dicta that "neither the ADA nor 12 U.S.C. § 1831j permit individual damages liability on the part of employees"); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (noting in dicta that "there appears to be no individual liability for damages under Title I of the ADA"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (finding that individual defendants did not own, lease, or operate Thiel College and thus were "not subject to individual liability under Title III of the ADA"); *N'Jai v. Floyd*, 386 F. App'x 141, 144 (3d Cir. 2010) (nonprecedential) (noting individual defendant could not be held liable under ADA); *Wardlaw v. Phila. Street's Dep't*, 378 F. App'x 222, 225 (3d Cir. 2010) (nonprecedential) (explaining that plaintiff's ADA claims "were not actionable against the individual defendants"). Additionally, other circuit courts of appeals have found no individual liability under Title II. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. City of*

*Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (*en banc*). Therefore, the court dismiss Plaintiff's ADA claim against the individual defendants with prejudice.

### 3. Fourteenth Amendment Equal Protection Claim

Plaintiff brings an equal protection claim pursuant to the Fourteenth Amendment. (Doc. 1, p. 5.)

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, and (2) he was treated differently from similarly situated inmates. *See id*.

Plaintiff fails to allege that he is the member of a protected class or that he was treated differently from similarly situated inmates. Instead, he alleges that "I believe if the medication was different the Prison would not have removed me." (Doc. 1, p. 5.) Since Plaintiff has failed to allege the required elements of an equal protection claim, the claim will be dismissed.

### 4. Tort Acts Claim

Plaintiff brings a "Tort Acts" claim against Defendants, which the court construes as a claim under the Federal Torts Claim Act ("FTCA").

The FTCA constitutes "a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674.

The United States is the only proper defendant in an FTCA action. *See, e.g., Brownback v. King*, 141 S.Ct. 740, 746 (2021) (explaining that, when Congress passed the FTCA, it waived the sovereign immunity of the United States, so that parties can sue the United States directly for harms caused by its employees); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), as amended (Sept. 29, 2008), (noting that "[t]he Government is the only proper defendant in a case brought under the FTCA").

This claim is being raised against state actors, not federal actors, and it fails to name the United States as a defendant. Thus, the FTCA claim will be dismissed.

The court acknowledges that Plaintiff's reference to the "Tort Act" could be viewed as raising a medical negligence claim under state law: "Tort Acts I believe the Doctor and Prison officials were negligent." (Doc. 1, p. 5.) In Pennsylvania,

medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal*, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)).  To establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.  *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint.  Pa. R. Civ. P. 1042.3.  The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for

13

the plaintiff's claim to proceed.  Pa. R. Civ. P. 1042.3(a)(1)-(3).  Failure to file a certificate of merit is fatal to a plaintiff's claim.  Pa. R. Civ. P. 1042.7.

The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim.  *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby*, P.C., 249 F. App'x 938, 944 (3d Cir. 2007).  This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law.  *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood*, 824 A.2d at 1145.  A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).  The court acknowledges that the Third Circuit has found Pa.R.C.P.

1042.3 as procedural in Federal Tort Claims Act cases, but it has not been extended to cases with supplemental jurisdiction over state law claims. *See Wilson v. United States*, 79 F.4th 312, 316–20 (3d Cir. 2023).

Here, Plaintiff has failed to file the required certificate of merit within the 60-day time period provided by rule. Therefore, any medical negligence claim potentially raised in the complaint will be dismissed.

### 5. Defamation Claim

Plaintiff describes his defamation claim by stating "I believe they slandered my name by lying." (Doc. 1, p. 5.)

Under Pennsylvania law, a plaintiff must plead seven elements to state a claim for defamation: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a).

The DOC Defendants allege that truth is an absolute and complete defense to a defamation claim and a defendant need only show substantial, rather than complete, truth. (Doc. 20, p. 12.) This court has previously found that, the resolution of the substantial truth of the allegedly defamatory statements is "not

appropriate on a Rule 12(b) motion to dismiss because it takes the court beyond the pleadings." *Ansley v. Wetzel*, No. 1:21-CV-528, 2022 WL 676275, at *6 (M.D. Pa. Mar. 7, 2022).

However, the court finds that the complaint has failed to allege the required factors of a defamation claim. Instead, Plaintiff simply alleges that "they" were "lying." (Doc. 1, p. 5.) Therefore, without more specific allegations, the court will dismiss the defamation claim.

### B. Plaintiff's Criminal Claims Will Be Dismissed.

Plaintiff included criminal claims against Defendants: "I believe the[y] broke the lay by being maliciously vague and lying in the misconduct reports." (Doc. 1, p. 5.) Defendants failed to address these claims in their motions to dismiss. (Docs. 20, 22.) However, the court relies on its authority in 28 U.S.C. § 1915(e)(2)(B)(ii), which states that a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"

To the extent that this vague claim can be viewed as raising criminal claims, such claims cannot succeed. Private citizens lack standing to initiate criminal proceedings. *United States v. Wegeler*, 941 F.3d 665, 668 (3d Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, any attempts to

raise criminal actions against Defendants in this civil complaint will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the court will grant Defendants' motions to dismiss. The Eighth Amendment claim, Fourteenth Amendment claim, medical negligence claim, and defamation claim will be dismissed without prejudice. The ADA claim, FTCA claim, and any criminal claims raised against the eight individual Defendants named in this action will be dismissed with prejudice. Plaintiff will be granted leave to file an amended complaint curing the defects addressed above in the claims dismissed without prejudice. Such document shall be titled "amended complaint" and be filed under the same case number. Plaintiff is cautioned that any amended pleading stands alone pursuant to Local Rule 15.1. Therefore, the amended complaint must raise all claims for which Plaintiff seeks relief.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: July 8, 2024