**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHON DIFRAIA, | : | Civil No. 1:23-CV-01187 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN RANSOM, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

On April 22, 2026, the court received a mandate from the Third Circuit Court of Appeals affirming this court's July 9, 2024 judgment in part and vacating in part. (Doc. 35.) Because the Third Circuit Court of Appeals remanded this action for consideration of only one remaining state law claim, this court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim and dismiss this remaining claim without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, an inmate currently housed at the State Correctional Institute Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania, initiated this action in July of 2023 by filing a complaint pursuant to 42 U.S.C. § 1983 naming eight defendants: (1) Kevin Ransom ("Ransom"), Superintendent at SCI-Dallas; (2) Jasen Bohinski ("Bohinski"), Deputy Superintendent for Centralized Services; (3) Timothy Kross ("Kross"), Doctor at SCI-Dallas; (4) Wayne Inniss ("Inniss"),

1

Corrections Classification Program Manager; (5) Rawlings, Drug and Alcohol Treatment Specialist; (6) Bower; (7) John Doe; and (8) Osmulski.  (Doc. 1.)

The complaint alleged that on January 15, 2023, Plaintiff was strip searched and Defendants Bower and "C/O" found an e-cigarette with the cap on it in his jacket pocket.  (*Id.*, p. 4.)[1]  He was issued a DC-141 misconduct report for contraband during the "MAT"[2] line.  (*Id.*)  Plaintiff further alleged that on January 22, 2023, "during MAT line I got my medication [and] after putting it in my mouth C/O Osmulski made me stand up and demanded I give him the E-cig cap, I did not have one nor did I ingest one."  (*Id.*)  Plaintiff alleges that he received a misconduct for possession of contraband.  (*Id.*)  On January 25, 2023, he saw Defendant Kross who told him that he was being removed from MAT suboxone for diversion.  (*Id.*)  Plaintiff alleges that he contacted and wrote to Defendants Ransom, Bohinski, Innis, Rawlings, and Kross "asking to be placed back on MAT and explained the issue and was refused and told I did not have to actually be caught diverting to be considered a diverter."  (*Id.*)

Plaintiff raised an Eighth Amendment deliberate indifference to medical needs claim, a Fourteenth Amendment equal protection claim, a "Tort Acts" claim,

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] According to the DOC website, "MAT" stands for Medication Assisted Treatment.  *See* https://www.cor.pa.gov/About%20Us/Initiatives/Pages/Medication-Assisted-Treatment.aspx (last accessed April 27, 2026).

an American with Disabilities Act ("ADA") claim, criminal claims of lying on the misconduct reports, and a slander claim.  (*Id.*, at 5.)

Defendants Ransom, Bohinski, Inniss, Rawlings, Bower, Doe, and Osmulski, collectively known as the "DOC Defendants", filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and a brief in support on September 22, 2023.  (Docs. 19, 20.)  Defendant Kross filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative a motion for summary judgment pursuant to Fed. R. Civ. P. 56, and a brief in support on September 25, 2023.  (Docs. 21, 22.)  On November 6, 2023, Plaintiff filed a brief in opposition to the two motions to dismiss.  (Doc. 25.)  Neither set of Defendants filed a reply.

On July 9, 2024, the court entered a memorandum and order that dismissed all claims raised in the complaint and granted Plaintiff leave to file an amended complaint.  (Docs. 26, 27.)  Specifically, the court dismissed Plaintiff's state law negligence claim based on a lack of a certificate of merit as required under Pennsylvania Rule of Civil Procedure 1042.3.  (Doc. 26, pp. 13–15.)  In doing so, the court summarized the then current caselaw finding that Rule 1042.3 is substantive in nature and applicable to federal cases with the exception of claims filed under the Federal Tort Claims Act ("FTCA").  (*Id.*)  The court found that since this action concerned supplemental jurisdiction over state law claims and not the FTCA, Rule 1042.3 was appliable.  (*Id.*)

3

Plaintiff did not file an amended complaint, and the court entered an order dismissing the complaint with prejudice and closing the case.  (Doc. 28.)  Plaintiff then filed an appeal with the Third Circuit Court of Appeals.  (Doc. 30.)

On March 31, 2026, the Third Circuit Court of Appeals entered an opinion affirming this court's July 2024 order dismissing all claims except the state law negligence claim based on a recent Supreme Court case:

> Our precedent applied Pennsylvania's rule to state-law medical-malpractice claims brought in federal court.  *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 264–65 (3d Cir. 2011).  But the Supreme Court just abrogated that precedent, holding that Delaware's analogous requirement did not apply in federal court.  *Berk v. Choy*, 607 U.S. ___, 146 S. Ct. 546, 557 (2026).  Because the District Court dismissed the state-law negligence claim under *Liggon-Redding* without otherwise passing on it, we will vacate and remand to let it address that claim's merits in the first instance.

(Doc. 35-2, p. 17.)  This court received a mandate from the Third Circuit on April 22, 2026.  (Doc. 35.)

## DISCUSSION

Pursuant to 28 U.S.C. § 1331, a district court is allowed to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Here all the claims under the Constitution, laws, or treaties of the United States have been dismissed.  The sole remaining claim before the court is the state law negligence claim.

4

With no surviving federal claim, the complaint suggests no apparent basis for subject matter jurisdiction over the remaining state law negligence claim. When a federal court dismisses all federal claims prior to trial, it "must decline" to exercise supplemental jurisdiction over state law claims "unless considerations of judicial economy, convenience, and fairness to the parties" dictate otherwise. *See Talley v. Clark*, 111 F.4th 255, 266 n.6 (3d Cir. 2024) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)); 28 U.S.C. § 1367(c). The case is at the Rule 12 procedural posture with no answer filed by Defendants, no significant judicial resources have been expended on the state law claim, and there is no indication that requiring Plaintiff to proceed in state court would be so unfair or inconvenient as to justify retaining jurisdiction.

### CONCLUSION

For the foregoing reasons, the court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim and dismiss it without prejudice. The case will remain closed.

An accompanying order will follow.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: April 28, 2026